UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

| | |
|---|---|
| MIGUEL MORALES, and other similarly situated individuals, | ) ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| D & J CONSTRUCTION INC., ATTAWAY ELECTRIC, INC., and RICHARD LEGER, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff MIGUEL MORALES (the "Plaintiff") and other similarly situated individuals sue

defendants D & J CONSTRUCTION INC., ATTAWAY ELECTRIC, INC., and RICHARD

LEGER (collectively, the "Defendants") and allege:

### I.    JURISDICTION

1.      This is an action for wrongful, retaliatory discharge of an employee in violation of

Section 440.205 of the Florida Statutes.

2.      This is also an action to recover money damages for unpaid overtime wages under

the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3.      Similarly, this action involves the application of the Family and Medical Leave Act

of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

4.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

5.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal FMLA claims, and the parties are identical. Resolving Plaintiff's federal FMLA and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## II.     VENUE

6.     The Defendants D & J CONSTRUCTION INC. and ATTAWAY ELECTRIC, INC. (the "Corporate Defendant") are corporations duly authorized and existing under the laws of the State of Florida and conducting business in Broward County, Florida.

7.     The Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

8.     Corporate Defendants and RICHARD LEGER (the "Individual Defendant"), are Florida companies and a Florida resident, respectively, having their main place of business in Broward County, Florida, where Plaintiff worked for the Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Broward County, Florida.

9.     The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

10.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred

within this judicial district and because the Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of the Plaintiff are stored or have been administered in Broward County, Florida.

### III.    CORPORATE DEFENDANTS ARE JOINT EMPLOYERS, AN INTEGRATED ENTERPRISE, OR AGENTS OF EACH OTHER

11.    The Corporate Defendants share common ownership, common management, centralized control of labor relations, a common office, and interrelated operations. The Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is a covered enterprise under the law, or each company is an agent of the other.

12.    The Corporate Defendants share employees or interchange employees, work in the direct interest of one another, and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is a covered enterprise under the law, or each company is an agent of the other.

13.    Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of the other.

14.    Upon information and belief, Corporate Defendants are owned and managed by members of the same family.

### IV.    GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15.    At all times material, the Plaintiff was employed by the Defendants as a construction worker/technician from on or about August of 2015 until July 2019 and then from January 2020 until his wrongful termination in March of 2022.

16.    The Plaintiff performed his work competently and to Defendants' standards. He was never reprimanded by Defendants.

17.     Plaintiff began working for Defendants as a construction worker/technician.

18.     Specifically, Plaintiff began doing construction work for the Defendants at Publix in locations in Miami-Dade, Broward and Monroe counties including and Super Market Store # 1072, located in Hialeah, Florida ("Publix").

19.     Plaintiff work scheduled varied depending on what location, however, Plaintiff routinely worked the evening/night shift, which ended at around 1-2 in the morning. Defendants paid Plaintiff an hourly rate of approximately $27 per hour.

20.     On or about February 10, 2022, while working at Publix store #1072 in the meat preparation room, Plaintiff came into contact with extremely hazardous and contaminated water, which caused a severe infection to Plaintiff's foot.

21.     On or around February 11, 2022, Plaintiff's supervisor, Vincent Pace a/k/a "Vinny," had a conversation with Plaintiff about the contaminated water incident and Plaintiff's resulting injury to his foot.

22.     Plaintiff reported his work-related accident and injury to Mr. Pace.

23.     During this conversation, Plaintiff told Mr. Pace that he was not feeling well at all. In response, Mr. Pace told Plaintiff "Sleep it off" and come back to work when you feel better.

24.     Plaintiff began feeling worse and worse. As his physical condition deteriorated, Plaintiff went to an urgent care center and later to the emergency room at a local hospital.

25.     At the hospital, Plaintiff was promptly admitted and underwent emergency surgery to save his foot from the infection.

26.     Plaintiff's foot was severely infected and had become an imminent threat to Plaintiff's life and well-being. Plaintiff's injury to his foot constituted a serious medical condition,

which required hospitalization and surgery.

27.     During and after his stay at the hospital, Plaintiff continuously informed Mr. Pace and Ms. Zoraida Delgado (the Defendants' Office Manager) about the injury to his foot and of his stay at the hospital.

28.     Plaintiff also inquired with Defendants about the status of his health insurance and specifically requested "medical leave" to treat his injury.

29.     In response, and after Plaintiff sent Defendants documents related to his injury and treatment, Defendants told Plaintiff "You have to come back to work, or we will not pay for your health insurance."

30.     On or about March 30, 2022, on or about 8:00 a.m., Mr. Pace called Plaintiff to an office and told him "Since you are not working, you have to be fired and your insurance must be cancelled. You do not work with us anymore."

31.     At the time of Plaintiff's termination, both Corporate Defendants worked together and shared employees, an office, and several construction projects.

32.     Also, during his last 3 years of employment, Plaintiff worked for Defendants approximately 2 weekly hours of overtime without being properly compensated at 1.5 times his regular hourly rate.

33.     Plaintiff estimates that, subject to discovery, he is owed at least 300 hours of unpaid overtime.

34.     All conditions precedent to bringing this action have occurred, been performed, or been excused.

35.     The Plaintiff has retained the undersigned counsel in order that his rights and

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                 Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: UNPAID OVERTIME AGAINST THE CORPORATE DEFENDANTS

36.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 35 above as if set out in full herein.

37.     The Plaintiff is a covered employee for purposes of the Act.

38.     Corporate Defendants are Plaintiff's joint employers, or an integrated enterprise, or an agent of each other. Corporate Defendants are Plaintiff's "employer" under the Act.

39.     This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

40.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

41.     At all times pertinent to this Complaint, the Corporate Defendants operated as organizations which sold and/or marketed their services and/or goods to customers from throughout the United States and also provided their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtained and solicited funds from

non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to their employees.

42.     The annual gross revenue of each of the Corporate Defendants was, at all times material hereto, in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

43.     Alternatively, the combined gross revenue of both Corporate Defendants was, at all times material hereto, in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

44.     By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants.

45.     The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are construction companies and, through their business activities, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce.

46.     Plaintiff was employed by the Corporate Defendants as a construction worker/technician for the Corporate Defendants' business.

47.     While employed by the Corporate Defendants, the Plaintiff routinely worked approximately an average of two hours of overtime per week without being compensated for those hours at the rate of not less than one- and one-half times the regular rate at which he was employed.

48.     The Plaintiff was employed as a construction worker/technician performing the same or similar duties as that of those other similarly situated construction workers/technicians whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

49.     The Plaintiff worked for the Corporate Defendants from approximately from August of 2015 until July 2019 and then from January 2020 until March of 2022.  In total, the Plaintiff worked approximately 150 compensable weeks under the Act, or 150 compensable weeks if counted 3 years back from the filing of the instant action.

50.     The Corporate Defendants paid the Plaintiff on average approximately $27 per hour.

51.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

52.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

a.  Actual Damages: $12,150.00

i.  <u>Calculation</u>: $27 (hourly pay) x 1.5 (overtime rate) x 2 (approximate number of overtime hours) x 150 (compensable weeks) = $12,150.00

b.  Liquidated Damages: $12,150.00

c.  Total Damages: $24,300.00 plus reasonable attorneys' fees and costs of suit.

53.     At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those

**SAENZ & ANDERSON, PLLC**

similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendants to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

54.     The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remain owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

55.     Upon information and belief, the Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

56.     The Corporate Defendants willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

57.     The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable

Court:

    a.    Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

    b.    Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

    c.    Award the Plaintiff an equal amount in double damages/liquidated damages; and

    d.    Award the Plaintiff reasonable attorneys' fees and costs of suit; and

    e.    Grant such other and further relief as this Court deems equitable and just.

## COUNT II: UNPAID OVERTIME AGAINST THE INDIVIDUAL DEFENDANT

58.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 35 above as if set out in full herein.

59.    The Plaintiff is a covered employee for purposes of the Act.

60.    This action is brought by the Plaintiff and those similarly situated to recover from the Individual Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

61.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

62.    At all times pertinent to this Complaint, the Corporate Defendants operated as

organizations which sold and/or marketed their services and/or goods to customers from throughout the United States and also provided their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to their employees.

63.     The annual gross revenue of each of the Corporate Defendants was, at all times material hereto, in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

64.     Alternatively, the combined gross revenue of both Corporate Defendants was, at all times material hereto, in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

65.     By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants.

66.     The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are construction companies and, through their business activities, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce.

67.     Plaintiff was employed by the Corporate Defendants as a construction worker/technician for the Corporate Defendants' business.

68.     While employed by the Defendants, the Plaintiff routinely worked approximately an average of two hours of overtime per week without being compensated for those hours at the rate of not less than one- and one-half times the regular rate at which he was employed.

69.     The Plaintiff was employed as a construction worker/technician performing the same or similar duties as that of those other similarly situated construction workers/technicians whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

70.     The Plaintiff worked for the Corporate Defendants from approximately August of 2015 until July 2019 and then from January 2020 until his wrongful termination in March of 2022. In total, the Plaintiff worked approximately 150 compensable weeks under the Act, or 150 compensable weeks if counted 3 years back from the filing of the instant action.

71.     The Corporate Defendants paid the Plaintiff on average approximately $27 per hour.

72.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

73.     At the times mentioned, the Individual Defendant was, and is now, the owner and/or main officer of the Corporate Defendants. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including the Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided the Plaintiff with his

work schedule, and is jointly liable for the Plaintiff's damages.

74.     The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendants' financial affairs and could cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

75.     The Individual Defendant willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

76.     The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a.   Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b.   Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c.   Award the Plaintiff an equal amount in double damages/liquidated damages; and

d.   Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e.   Grant such other and further relief as this Court deems equitable and just.

## COUNT III: RETALIATION (INTIMIDATION & COERSION) – Fla. Stat. § 440.205

77.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 35 above as if set out in full herein.

78.     At all times relevant, the Plaintiff was employed by the Corporate Defendants as a

construction worker/ technician.

79.     On or about February 10, 2022, the Plaintiff suffered a work-related injury. The injury happened while the Plaintiff was working for the Corporate Defendants.

80.     The injury alleged above required medical treatment.

81.     After the work-related accident as described above, the Plaintiff reported his injuries to the Corporate Defendants and requested medical treatment.

82.     Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, **intimidate, or coerce** any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

83.     The Plaintiff made a valid claim for compensation or attempted to claim compensation under the Worker's Compensation Law.

84.     When the Corporate Defendants threatened Plaintiff with taking away his health insurance if he did not come back to work while injured, the Corporate Defendants intimidated or coerced the Plaintiff.

85.     The sole apparent reason for the intimidation, harassment, or coercion of the Plaintiff was that the Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as the Plaintiff was entitled to do.

86.     A motivating factor which caused the Plaintiff's intimidation, harassment, or coercion as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, the Plaintiff would not have been coerced, harassed, or intimidated but for his claiming worker's compensation benefits as described above.

**SAENZ & ANDERSON, PLLC**

87. The Corporate Defendants' harassment, intimidation, or coercion of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

88. By reason of the Corporate Defendants' wrongful coercion, intimidation, or harassment of the Plaintiff, the Plaintiff has been damaged in that the Plaintiff has suffered lost wages and suffered severe emotional distress.

89. The Corporate Defendants' conduct in wrongfully coercing, intimidating, or harassing the Plaintiff was willful, wanton, and in reckless disregard of the Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Corporate Defendants for all back wages from the date it first harassed, coerced, or intimidated the Plaintiff to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## COUNT IV: RETALIATION (TERMINATION) – Fla. Stat. § 440.205

90. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 35 above as if set out in full herein.

91. At all times relevant, the Plaintiff was employed by the Corporate Defendants as a construction worker/ technician.

92. On or about February 10, 2022, the Plaintiff suffered a work-related injury. The injury happened while the Plaintiff was working for the Corporate Defendants.

93. The injury alleged above required medical treatment.

94. After the work-related accident as described above, the Plaintiff reported his injuries to the Corporate Defendants and requested medical treatment.

95. In response, the Corporate Defendants terminated Plaintiff's employment.

96.     Fla. Stat. § 440.205 states: "No employer shall **discharge**, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

97.     The Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of the Plaintiff's employment was that the Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as the Plaintiff was entitled to do.

98.     A motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, the Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

99.     The Corporate Defendants' termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

100.    By reason of Corporate Defendants' wrongful discharge of the Plaintiff, the Plaintiff has been damaged in that the Plaintiff has suffered lost wages and emotional distress.

101.    The Corporate Defendants' conduct in wrongfully discharging the Plaintiff was willful, wanton, and in reckless disregard of the Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Corporate Defendants for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## COUNT V: INTERFERENCE (FAILURE TO PROVIDE INFORMATION) – FMLA

102.    The Plaintiff repeats and re-alleges paragraphs 1 - 35 as if fully stated herein.

103.   At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

104.   The Plaintiff worked for the Corporate Defendants for at least 12 months before the date any FMLA leave was to begin.

105.   The Plaintiff worked for the Corporate Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

106.   The Plaintiff was entitled to the FMLA leave because he had an FMLA-qualifying reason. Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of his job.

107.   At all times material, the Corporate Defendants were "employers," "joint employers," or jointly an "employer" as defined by 29 U.S.C. § 2611(4).

108.   The Corporate Defendants were both engaged in commerce or in an industry or activity affecting commerce and jointly employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

109.   At all times material, the Plaintiff gave proper notice to the Corporate Defendants by informing the Corporate Defendants of his qualifying reason.

110.   The Plaintiff provided enough information for the Corporate Defendants to know that his potential leave may be covered by the FMLA.

111.   The Corporate Defendants were aware of the Plaintiff's qualifying reason.

112.   At all times material hereto, the Plaintiff communicated with the Corporate Defendants regarding his medical condition.

113.   Despite their knowledge of the Plaintiff's medical condition, the Corporate

Defendants failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave.

114.    Instead of informing the Plaintiff of his rights, the Corporate Defendants terminated the Plaintiff for no cause.

115.    When the Corporate Defendants failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave, the Corporate Defendants interfered with the Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Corporate Defendants for their violations of the FMLA;

b.  Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award the Plaintiff liquidated damages based on the Corporate Defendants' conduct;

d.  Award the Plaintiff prejudgment interest on his/her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees;

f.  Award the Plaintiff any further relief pursuant to the FMLA; and,

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VI: INTERFERENCE (TERMINATION) – FMLA

116.    The Plaintiff repeats and re-alleges paragraphs 1 - 35 as if fully stated herein.

117.    At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

118.    The Plaintiff worked for the Corporate Defendants for at least 12 months before the date any FMLA leave was to begin.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

119.     The Plaintiff worked for the Corporate Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

120.     The Plaintiff was entitled to the FMLA leave because he had an FMLA-qualifying reason. Specifically, the Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of his job.

121.     At all times material, the Corporate Defendants were an "employer," "joint employers," or jointly an "employer" as defined by 29 U.S.C. § 2611(4).

122.     The Corporate Defendants were both engaged in commerce or in an industry or activity affecting commerce and jointly employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

123.     At all times material, the Plaintiff gave proper notice to the Corporate Defendants by informing the Corporate Defendants of his qualifying reason.

124.     The Plaintiff provided enough information for the Corporate Defendants to know that his potential leave may be covered by the FMLA.

125.     The Corporate Defendants were aware of the Plaintiff's qualifying reason.

126.     At all times material hereto, the Plaintiff communicated with the Corporate Defendants regarding his medical condition.

127.     Despite their knowledge of the Plaintiff's medical condition, the Corporate Defendants failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave.

128.     Instead of informing the Plaintiff of his rights, the Corporate Defendants terminated the Plaintiff for no cause.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800           Telephone: 305.503.5131
Aventura, Florida 33180                   Facsimile: 888.270.5549

129.     When the Corporate Defendants terminated the Plaintiff's employment, the Corporate Defendants interfered with the Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Corporate Defendants for their violations of the FMLA;

b.  Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award the Plaintiff liquidated damages based on Corporate Defendants' conduct;

d.  Award the Plaintiff prejudgment interest on his damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees;

f.  Award the Plaintiff any further relief pursuant to the FMLA; and,

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VII: RETALIATION (FMLA)

130.     The Plaintiff repeats and re-alleges paragraphs 1 - 35 as if fully stated herein.

131.     At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

132.     The Plaintiff worked for the Corporate Defendants for at least 12 months before the date any FMLA leave was to begin.

133.     The Plaintiff worked for the Corporate Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

134.     The Plaintiff was entitled to the FMLA leave because he had an FMLA-qualifying reason. Specifically, the Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of his job.

135.    At all times material, the Corporate Defendants were an "employer," "joint employers," or jointly an "employer" as defined by 29 U.S.C. § 2611(4).

136.    The Corporate Defendants were both engaged in commerce or in an industry or activity affecting commerce and jointly employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

137.    At all times material, the Plaintiff gave proper notice to the Corporate Defendants by informing the Corporate Defendants of his qualifying reason.

138.    The Plaintiff provided enough information for the Corporate Defendants to know that his potential leave may be covered by the FMLA.

139.    The Corporate Defendants were aware of the Plaintiff's qualifying reason.

140.    At all times material hereto, the Plaintiff communicated with the Corporate Defendants regarding his medical condition.

141.    Despite their knowledge of the Plaintiff's medical condition, the Corporate Defendants failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave.

142.    Instead of informing the Plaintiff of his rights, the Corporate Defendants terminated the Plaintiff for no cause.

143.    The Corporate Defendants terminated the Plaintiff following her request for medical leave.

144.    The Corporate Defendants have intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for requesting medical leave.

145.    The Plaintiff's medical leave request was a direct and proximate cause of his

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800              Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5649

termination from employment with the Corporate Defendants.

146.    As a direct and proximate result of the intentional violations by the Corporate Defendants of the Plaintiff's rights under the FMLA, by retaliating against him by terminating his employment for having requested medical leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Corporate Defendants for their violations of the FMLA;

b.  Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award the Plaintiff liquidated damages based on the Corporate Defendants' conduct;

d.  Award the Plaintiff prejudgment interest on his damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees;

f.  Award the Plaintiff any further relief pursuant to the FMLA; and,

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: December 14, 2022.

**SAENZ & ANDERSON, PLLC**

20900 NE 30ᵗʰ Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

Respectfully submitted,

By:__/s/**Julisse Jimenez**
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*